WILL SANDERS V. THE STATE.

No. 2415.   Decided April 23, 1913.

Rehearing denied May 21, 1913.

**1.—Keeping Disorderly House—Separate Offenses—Date of Offense—Limitation.**

Where defendant was charged by information in one count that he kept a house in which prostitutes were permitted to resort, and in another that he kept a house where spirituous and other liquors were sold and kept for sale without license on the same date, and both counts were submitted and a verdict of guilty rendered on each count, held that each count charged a separate offense and that the defendant could be convicted under each, and that any date within the period of limitation was sufficient.

**2.—Same—Sufficiency of the Evidence—Statement of Facts.**

In the absence of a statement of facts and bills of exceptions, the judgment of the court must be sustained if it can be done by any legitimate construction.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and confinement in the county jail for twenty days on each count.

The opinion states the case.

*Walker & Williams,* for appellant.—On question of continuous offense and double punishment:  Grisham v. State, 19 Texas Crim. App., 504; Shubert v. State, 21 Texas Crim. App., 551; Quitzow v. State, 1 id., 47; Moore v. State, 33 Texas Crim. Rep., 166; Herrera v. State, 35 id., 607; Paschal v. State, 49 id., 111; De Leon v. State, 55 id., 39.

On question that State can not carve two offenses out of the same day:  Muckenfuss v. State, 55 Texas Crim. Rep., 216; id., 131 Am. State Rep., 813.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under a complaint and information containing two counts, the first charging him with keeping a disorderly house, in that he did keep a house in which prostitutes were permitted to resort and reside; the second also charging the keeping of a disorderly house, in that he did keep a house where spirituous, vinous and malt liquors were sold and kept for sale, without having ob-

tained a license. Both counts were submitted in the court's charge, and the jury found him guilty under each count, and assessed his punishment at a fine of $200 and imprisonment in the county jail for twenty days on each count.

Appellant in his brief states: "Appellant has lately learned that the trial court, in this cause, by having failed to either approve or disapprove appellant's bills of exception herein, has to a certain extent hog-tied defendant, so that defendant can not lustily kick against this double punishment." However, further in his brief he does attempt to "lustily kick," and if the complaint and charge of the court are subject to the construction that he places thereon, he would be justified in so doing. In the information it is charged appellant kept a disorderly house in two different ways on the same date—on or about the 6th day of October. However, as has been frequently decided by this court, that as to the date named, it was not material to prove that exact date, as the offense can be proven to have been committed at any time within the period of limitation—two years prior to the filing of the complaint. Cudd v. State, 28 Texas Crim. App., 124; Abrigo v. State, 29 Texas Crim. App., 143; Crass v. State, 30 Texas Crim. App., 480; Shuman v. State, 34 Texas Crim. Rep., 69; Temple v. State, 15 Texas Crim. App., 304; Stichtd v. State, 25 Texas Crim. App., 420; Lucas v. State, 27 Texas Crim. App., 322; Blake v. State, 3 Texas Crim. App., 149; Collins v. State, 5 Texas Crim. App., 37.

If it was intended to charge only one offense to have been committed in two different ways, of course, only one punishment would be authorized. But if each count was intended to and did charge a separate and distinct offense, then he could be convicted under each count. This rule was announced in Hall v. State, 32 Texas Crim. Rep., 474, and has been adhered since that date; Dancey v. State, 35 Texas Crim. Rep., 615; Scales v. State, 46 Texas Crim. Rep., 296; Witherspoon v. State, 39 Texas Crim. Rep., 65; Gould v. State, 66 Texas Crim. Rep., 421, 147 S. W. Rep., 247; Tucker v. State, 65 Texas Crim. Rep., 627, 145 S. W. Rep., 611. In this case the pleader alleges two separate and distinct offenses in separate and distinct counts, one keeping a disorderly house by permitting prostitutes to resort and reside in such house, and the other keeping a disorderly house by keeping intoxicating liquors in a house under his control. The indictment does not seek in one count to charge the offense to have been committed in one or both ways, and it may be that appellant had two separate and distinct houses, or the evidence may have shown the offense to have been committed on separate and distinct days within the period of limitation. The statement of facts in this case was not filed within the time permitted by law, and is not approved by the judge, consequently same can not be considered for any purpose, but if we could do so, E. S. Kingston and J. F. Murray tell of raiding the house owned and occupied by appellant on October 6th, and arrested twenty-three of the inmates, about one-half of whom were women, and whom they say were common pros-

titutes.   J. B. Bonner tells of raiding a house occupied by appellant on July 21st, and says they found a refrigerator full of iced beer, a box of beer and a barrel of beer and a barrel of whisky on that occasion.   So it would seem that the evidence would justify a conviction on both counts.   And in the absence of a statement of facts and any bills of exception, if by any legitimate construction the judgment of the court can be sustained, it is our duty to do so, and we think it manifest when we read the information, the charge of the court, and the verdict of the jury, that appellant was found guilty of two separate and distinct offenses, and he is not receiving double punishment for the same offense.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 21, 1913.—Reporter.]