JOE WHITE v. THE STATE.

No. 5560.   Decided December 10, 1919.

Rehearing denied January 14, 1920.

**1.—Local Option—Occupation—Indictment—Date of Offense—Limitation.**

The date of an offense under our procedure is practically immaterial, provided the same be alleged to have been committed at some time within the period of limitation and prior to the filing of the indictment, and where the pleading complied with this rule, there was nothing in the contention that the indictment was insufficient because it alleged a date when defendant engaged in the occupation of selling intoxicating liquor long anterior to the making of the specific sales.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law by engaging in the occupation of selling intoxicating liquors therein, the evidence was sufficient to support the conviction, there was no reversible error.

Appeal from the District Court of Smith. Tried below before the Hon. J. R. Warren, judge.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*N. A. Gentry, Jr.,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State—On question of sufficiency of the evidence: Parita v. State, 80 Texas Crim. Rep., 131; 189 S. W. Rep., 142.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Smith County, of violating the local option law, and given a penalty of five years in the penitentiary.

The case is before us without a statement of facts or bills of exception; and in such case the only matters for our determination, are the sufficiency of the indictment and the charge of the court. We have examined both, and conclude that the indictment correctly charges that appellant engaged in the business and occupation of selling intoxicating liquors in territory in which such sales had been forbidden by a vote of the people, it being alleged, in addition to the general charge, that appellant made a number of distinct sales of such liquor.

The charge of the court is in conformity with the law, and finding no error, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

January 14, 1920.

LATTIMORE, JUDGE.—Appellant has filed a motion for rehearing, contending that we erred in our opinion in holding the indictment sufficient. As appears from said motion for rehearing, the contention seems to be that the indictment fixes a date, to wit; January 5, 1917, at which the sale of liquor had been theretofore prohibited by law in Smith County, and then proceeds to allege that on said date appellant unlawfully engaged in the business of selling spirituous, vinous, and intoxicating liquors in said county; and that said indictment further alleges that various specific sales of liquor were made in June, 1918, or a long time after the date of engaging in the business, and it is contended that there is no allegation in the indictment that prohibition was in effect in said county on the date of the specific sales, and on that account the indictment is bad. We cannot agree with this contention. The date of an offense under our procedure is practically immaterial, pro-

vided the same be alleged to have been committed at some time within the period of limitation and prior to the filing of the indictment, and the fact that the State alleged the date when the appellant engaged in the business of selling liquor at a time long anterior to the making of specific sales would not bind the State to that date, and certainly would not render the indictment defective. It is alleged with reference to each of said specific sales, that they were unlawfully made, and were made in violation of the provisions of said law.

Believing that the indictment is sufficient, and that no error was committed in so holding, the motion for rehearing is overruled.

*Overruled.*