### STOVALL v. STATE. (No. 12435.)

Court of Criminal Appeals of Texas. April 3, 1929.

W. T. Bagby, of Hallettsville, for appellant.

A. A. Dawson, State's Atty., of Austin, and J. V. Vandenberge, Jr., of Victoria, for the State.

LATTIMORE, J. Conviction for assault to murder; punishment, ten years in the penitentiary.

This record is here without any statement of facts or bills of exception. We find in the transcript three special charges, complaint of the refusal of which is brought before us in oral argument, but there is nothing upon any of the charges to indicate when, or at what stage of the proceedings, said charges were presented to the court. Our statute is very definite upon this point, and requires that such special charges be presented after the evidence is in and before the court reads his charge. Code Cr. Proc. 1925, art. 658–660. For aught we know from this record, the court may have refused said charges because they were not presented after the evidence was closed, or before the charge of the court was read to the jury. Berlew v. State, 88 Tex. Cr. R. 241, 225 S. W. 518; Norman v. State, 91 Tex. Cr. R. 486, 239 S. W. 976.

There appears in the record a document denominated defendant's objections and exceptions to the court's charge. This is signed by the attorney for the appellant. The only notation upon it is as follows: "Overruled; Defendant excepts"—to which is attached the signature of the trial judge. We have said that this is not any certificate of the fact that such exceptions were presented to the trial judge at a time and in the manner required by law. Gibbs v. State, 88 Tex. Cr. R. 485, 227 S. W. 1107. When the notation "Overruled" was placed upon this document by the judge does not appear. The only thing that we can learn from such document is that at some time same was presented to the trial court and he made thereon the notation above stated. There being no statement of facts, we would be unable, in any event, to appraise such exceptions. Ruiz v. State, 48 Tex. Cr. R. 470, 88 S. W. 808; Jenkins v. State, 59 Tex. Cr. R. 475, 128 S. W. 1113.

Finding no error in the record, the judgment will be affirmed.

### STOVALL v. STATE. (No. 12436.)

Court of Criminal Appeals of Texas. April 10, 1929.

Will T. Bagby, of Hallettsville, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for assault to murder; punishment, nine years in the penitentiary.

The record is before us without any statement of facts or bill of exceptions. The case was tried before a special judge, whose election and qualification appear from the record to have been regular. There were some exceptions taken to the court's charge, but, in the absence of a statement of facts, we

are unable to appraise same. Fulps v. State (Tex. Cr. App.) 192 S. W. 1063; Martinez v. State (Tex. Cr. App.) 190 S. W. 727; Jones v. State (Tex. Cr. App.) 213 S. W. 671; White v. State, 86 Tex. Cr. R. 420, 217 S. W. 389.

There was an application for continuance, but no bill of exceptions was taken to its refusal, in which event we are compelled to hold that the action of the court must be deemed satisfactory to appellant.

No error appearing, the judgment will be affirmed.