James Louis CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 62818.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 12, 1979.

James N. Barkley, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Gene D. Miles, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for driving a motor vehicle on a public highway while intoxicated. The punishment, assessed in a bench trial upon appellant's plea of nolo contendere, was thirty (30) days' imprisonment in the county jail and a $200.00 fine, probated.

In his sole ground of error, appellant contends the court erred in denying his motion to set aside the information in light of the provisions of Article 28.061, V.A.C. C.P.

Said statute provides:

"If a motion to set aside an indictment, information, or complaint for failure to

provide a speedy trial as required by Article 32A.02 is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged *or for any other offense arising out of the same transaction.*" (Emphasis supplied.)

Appellant alleged in his motion to set aside the information that he had been arrested for speeding and driving while intoxicated on December 1, 1978; that he was charged in Municipal Court No. 1, City of Houston, with the offense of speeding; that the prosecution did not announce ready and he was not accorded an opportunity for a jury trial until January 11, 1979; that his motion to dismiss the speeding complaint under Article 32A.02, V.A.C.C.P. (Speedy Trial Act), was granted because the State was not ready for trial within thirty days.[1]

Appellant further alleged that the speeding and driving while intoxicated charges grew out of the same transaction and that his discharge in municipal court barred any further prosecution for any other offense arising out of the same transaction in light of Article 28.061, supra.

The appellant attached to his motion to set aside the information a certified copy of the speeding complaint, his motion for dismissal of the complaint under the Speedy Trial Act, and a copy of the order of the municipal court granting the same.

The appellate record reflects that the trial court denied the motion to set aside the information, but there is no showing that appellant offered proof in support of such motion, requested an evidentiary hearing, or perfected a bill of exception. In fact, there is no transcription of the court reporter's notes, if any, and no question of indigency is presented.

■ Apparently appellant takes the position that we should accept his motion to set aside the information and its attachments as self-proving. This we decline to do.

■ In *Vaughn v. State*, 456 S.W.2d 141 (Tex.Cr.App.1970), it was held that the allegations in a motion for new trial do not prove themselves. Further, it has been held that affidavits and certified copies of court documents are nothing more than pleadings which may authorize the introduction of supporting evidence. *Stephenson v. State*, 494 S.W.2d 900 (Tex.Cr.App. 1973); *Brown v. State*, 505 S.W.2d 277 (Tex. Cr.App.1974). Therefore, the documents attached to the motion to set aside the information are not evidence in and of themselves. The fact that the information in the instant case alleges "on or about December 1, 1978" the appellant drove while intoxicated, and the fact that the complaint in municipal court attached to appellant's motion alleges the speeding offense occurred "on or about the 1st day of December, A.D.1978" do not of themselves show that the offenses grew out of the same transaction so as to invoke the provisions of said Article 28.061, supra. Further, the date alleged in a complaint, information or indictment may not be the date the offense occurred. The State is not bound by the alleged date so long as the date proved is anterior to the filing of the State's pleadings and not so remote as to show that the offense is barred by statute of limitations. See Article 21.02, § 6, V.A.C.C.P. *Sanders v. State*, 70 Tex. Cr.R. 209, 156 S.W. 927 (1913); *White v. State*, 86 Tex.Cr.R. 420, 217 S.W. 389 (1920); *Neal v. State*, 374 S.W.2d 668 (Tex.Cr.App. 1964); *Williams v. State*, 565 S.W.2d 63 (Tex.Cr.App.1978).

Appellant's contention is overruled.

The judgment is affirmed.

---

1. Said Article 32A.02 provides in pertinent part:

    "Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

    "(1) * * *

    "(4) 30 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a fine only."