Arthur Nolan McMANNERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 62826.

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 23, 1980.

James N. Barkley, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Gene D. Miles, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for driving a motor vehicle on a public highway while intoxicated. Punishment was assessed in a bench trial upon appellant's plea of nolo contendere at three (3) days in jail and a $150.00 fine, probated.

In his sole ground of error appellant contends the trial court erred in denying his motion to dismiss the driving while intoxicated complaint and information in accordance with Article 28.061, V.A.C.C.P.

Said statute provides:

"If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial as required by Article 32A.02 is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged *or for any other offense arising out of the same transaction.*" (Emphasis supplied.)

Appellant alleged in his motion to dismiss the complaint and information that on December 8, 1978 he had been arrested for the offenses of speeding, "changing lane" and "fleeing from a police officer" and driving while intoxicated. He further asserted that he was charged in Municipal Court No. 7, City of Houston, with the offenses of speed-

ing, "changing lane" and "fleeing from a police officer," and when he was not afforded a jury trial by January 11, 1979, he moved in accordance with Article 32A.02, V.A.C.C.P., to dismiss those charges because the State was not ready within thirty days and the motion was granted.[1]

Appellant further alleged that the misdemeanor charges in municipal court and the instant driving while intoxicated charge grew out of the same transaction and that his discharge in municipal court barred any further prosecution for any other offense arising out of the same transaction in light of Article 28.061, supra.

The appellant attached to his motion to dismiss the driving while intoxicated complaint and information copies of the misdemeanor complaints filed in municipal court, his motions to dismiss such charges under the Speedy Trial Act (Article 32A.02, supra), and the orders granting the same.

The record before us reflects that the trial court denied the motion to dismiss the driving while intoxicated charge, but there is no showing the appellant offered proof in support of such motion, requested an evidentiary hearing on the same, or perfected a bill of exception. In fact, there is no transcription of the court reporter's notes, if any, and no question of indigency is presented.

■■■■ Apparently appellant takes the position that we should accept his motion to dismiss and its attachments as self-proving. This we decline to do. The documents attached are not evidence in and of themselves. See *Clark v. State*, 590 S.W.2d 512 (Tex.Cr.App. 1979). The fact that the information in the instant case alleged that appellant drove while intoxicated "on or about December 8, 1978," and the fact that the complaints filed in municipal court attached to appellant's motion allege the offenses occurred "on or about the 8th day of December, 1978" do not show that the driving while intoxicated offense and the other offenses grew out of the same transaction so as to invoke the provisions of Article 28.061, supra. The date alleged in a complaint, information or indictment may not be the date the offense occurred. The State is not bound by the alleged date so long as the date proved is anterior to the filing of the State's pleadings and not so remote as to show that the offense is barred by the statute of limitations. See Article 21.02, § 6, V.A.C.C.P.; *Sanders v. State*, 156 S.W. 927 (Tex.Cr.App.1913); *White v. State*, 217 S.W. 389 (Tex.Cr.App.1919); *Neal v. State*, 374 S.W.2d 668 (Tex.Cr.App. 1964); *Williams v. State*, 565 S.W.2d 63 (Tex.Cr.App.1978).

Appellant's contention is overruled. *Clark v. State*, supra.

In view of our disposition of appellant's contention on the basis set forth, we need not reach the question whether appellant's plea of nolo contendere also would render appellant's contention without merit.[2]

The judgment is affirmed.

---

1. Said Article 32A.02 provides in pertinent part:

   "Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

   "(1) * * *

   * * * * * *

   "(4) 30 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a fine only."

2. Article 32A.02, § 3 (Speedy Trial Act), provides:

   "Sec. 3. The failure of a defendant to move for discharge under the provisions of this article prior to trial *or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article.*" (Emphasis supplied.)

   Article 27.02, § 5, V.A.C.C.P., provides: .

   "(5) A plea of nolo contendere, *the legal effect of which shall be the same as that of a plea of guilty,* except that such plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based; . . . ." (Emphasis supplied.)

   See also *Chavarria v. State*, 425 S.W.2d 822 (Tex.Cr.App.1968); *Lucero v. State*, · 502 S.W.2d 750 (Tex.Cr.App.1973). See and cf. *Ramirez v. State*, 590 S.W.2d 509 (Tex.Cr.App. 1979); *Fleet v. State*, 590 S.W.2d 714 (Tex.Cr. App.1979).