Walter Alonzo BUCKNER,
Jr., Appellant,

v.

The STATE of Texas, State.

No. 2–85–165–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 15, 1986.

Gilfeather, Parker & Griffin and Pete Gilfeather, Fort Worth, for appellant.

Dan B. Grissom, Dist. Atty., Granbury, for State.

## OPINION

FARRIS, Justice.

Appellant, Walter Alonzo Buckner, Jr., was convicted of the offense of aggravated sexual assault. *See* TEX.PENAL CODE ANN. secs. 22.011 and 22.021(a)(5) (Vernon Supp.1986). Punishment was assessed by the jury at ten years confinement. Appellant complains of the admission of the videotaped statement of the child witness, of the failure of the trial court to submit a jury charge on the lesser-included offense of indecency with a child, and of the prosecutor's argument during the punishment phase of the trial.

We reverse and remand.

Appellant presents three points of error. In his first point of error, he raises the issue of the constitutionality of the child videotape statute, TEX.CODE CRIM. PROC.ANN. art. 38.071 (Vernon Supp. 1986). It is well settled that we may not reach the question of the constitutionality of a statute unless a decision on its constitutionality is absolutely necessary for a decision of the case. *Smith v. State*, 658 S.W.2d 172, 174 (Tex.Crim.App.1983). Thus we must first address the points of error which do not raise constitutional issues.

By his second point of error, appellant claims the trial court committed reversible error in failing to charge the jury on the law of indecency with a child.

 In determining whether a charge on a lesser-included offense is required, a two-step analysis is to be used. First, the lesser-included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty, he is not guilty of the alleged offense but is guilty only of the lesser-included offense. *Salinas v. State*, 644 S.W.2d 744, 745 (Tex.Crim.App.1983). The fact that the evidence is controverted or conflicts with other evidence in the case is not to be considered in determining whether an instruction on a lesser-included offense should have to be given. *See Hobson v. State*, 644 S.W.2d 473, 477 (Tex. Crim.App.1983). When evidence from any source, including the defendant's own testimony, raises the issue of a lesser-included offense and there is testimony that, if guilty at all, the defendant is only guilty of the lesser-included offense, then the charge on the lesser-included offense must be submitted to the jury assuming the charge is properly requested or its omission properly objected to. *Hunter v. State*, 647 S.W.2d 657, 658 (Tex.Crim.App.1983). It is then the jury's duty, under the proper instruction, to determine whether the evidence is credible and supports the lesser-included offense. *See Hobson*, 644 S.W.2d at 477.

Appellant contends that the following videotaped statement by the child witness raised the lesser offense of indecency with a child:

Q. Okay. What did you have on?

A. My gown.

. . . .

Q. Okay. Just tell me with words, maybe that would be easier. You were asleep and he woke you up and then what?

A. I can't remember.

Q. Try to remember, just remember something on this one part.

A. He kissed me.

Q. He kissed you. Okay, where did he kiss you?

A. On the—

Q. On what part of you?

A. Right there. [Pointed to her vaginal area.]

Q. He kissed you there?

A. I said, no.

Q. Did you have your panties on?

A. Yes.

Appellant also points to testimony by appellant as supporting a lesser-included charge:

A. She raised up and laid down beside me and I placed my head in her lap.

Q. Was she clothed at this time?

A. Yes, sir, she was.

The Penal Code sets out the elements of the offense of indecency with a child, in pertinent part, as follows:

(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

(1) engages in sexual contact with the child. . . .

TEX.PENAL CODE ANN. sec. 21.11(a) (Vernon 1974).

The Court of Criminal Appeals has consistently held that an essential element of the offense of indecency with a child is the intent to arouse or gratify the sexual desire of any person. *Duwe v. State*, 642 S.W.2d 804, 805 (Tex.Crim.App.1982). The

offense of aggravated sexual assault does not require a showing of this specific type of intent. *See* TEX.PENAL CODE ANN. secs. 22.011 and 22.021 (Vernon Supp.1986). Therefore, a conviction for indecency with a child requires proof of an additional material fact, which fact is not required to be proven for a conviction for aggravated sexual assault. *Cunningham v. State,* 694 S.W.2d 629, 630 (Tex.App.—San Antonio 1985, pet. pending).

█ Accordingly, we hold that indecency with a child was not a lesser-included offense and the trial court did not err in refusing to charge the jury on same. Appellant's second point of error is overruled.

By his third point of error, appellant contends the trial court committed reversible error in overruling appellant's objections to arguments by the prosecutor which were outside the record.

█ The purpose of closing argument is to facilitate the jury in properly analyzing the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted in evidence. *Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Crim.App.1980). To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; (4) plea for law enforcement. *Darden v. State,* 629 S.W.2d 46, 52 (Tex.Crim.App.1982); *Alejandro v. State,* 493 S.W.2d 230, 231–32 (Tex.Crim. App.1973).

█ When an argument exceeds the permissible bounds of the above areas, such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Mathews v. State,* 635 S.W.2d 532, 539 (Tex.Crim.App.1982).

█ The test to determine whether improper jury argument is harmless error is not whether a conviction could have been had without the improper argument, but whether there is a reasonable possibility that the argument complained of might have contributed to the conviction or the punishment assessed. *Garrett v. State,* 632 S.W.2d 350, 353–54 (Tex.Crim.App. 1982). In making this determination, we must review the evidence at the guilt-innocence stage as well as that adduced at the punishment phase of the trial. *See id.*

The complained-of comment came during the State's argument to the jury at the punishment stage of the trial. The prosecutor stated, in relevant part:

> What evidence do you have in addition to that that was given to you in the guilt or innocence phase? You have testimony of basically three people, plus the Defendant, who got up on the stand and testified basically that Buckner's reputation should so far as they knew of being good and being a peaceful and law-abiding citizen.
>
> Now, the people who testified consisted of two close friends with whom he's been spending the night and spending time in their home, not too surprisingly that those people would be willing to come forward and testify on his behalf. And a priest of a church that he sometimes attends and again [it] is not too surprising that a priest would be willing to come forward and testify and ask this jury to consider a probation for this Defendant....
>
> Now it is also significant when you know that you are able to make reasonable deductions from the evidence that you hear. You can also make reasonable deductions from the *evidence that you do not hear* and that is to say— [Emphasis added.]

At this point, appellant objected to the statement of the prosecutor as a misstatement of the law, which objection was overruled. The prosecutor then continued:

> You can make reasonable deductions from the fact other people you might normally hear from were not here to

testify on this Defendant's behalf or to ask this jury to probate this Defendant.

Appellant argues that the prosecutor's argument, taken as a whole, made reference to the fact that appellant's wife did not testify, and that other witnesses either did not appear, or that certain answers were not elicited from them. Appellant argues that, in misstating the law, the prosecutor went outside the record by insinuating that the testimony not presented by him must have been unfavorable.

■ We agree with appellant insofar as he complains that the prosecutor's comment was improper. Established case law holds that the prosecutor may comment on the failure of the accused to call to attest to his reputation any witnesses at all or some particular known witness who is competent to give material testimony on the matter. *McKenzie v. State*, 617 S.W.2d 211, 219–20 (Tex.Crim.App.1981). However, in this case, appellant did call three reputation witnesses to testify in his behalf. Further, the prosecutor's comment did not refer to a particular known witness who was competent to give material testimony. Therefore, the prosecutor's comment asked the jury to make inferences based upon facts not admitted into evidence.

■ Still, viewing the record as a whole, we cannot say that there is a reasonable possibility that the argument complained of might have contributed to appellant's conviction or punishment. Appellant's third point of error is overruled.

Appellant's first point of error challenges the constitutionality of TEX.CODE CRIM.PROC.ANN. art. 38.071 (Vernon Supp.1986). Article 38.071 makes admissible into evidence the recording of the testimony of a child victim of an offense. The recording must be both visual and aural, and not made in the presence of either party's attorney. The child's statements must not be in response to leading questions, every voice on the recording must be identified, and the recording must be accurate and unaltered. The defendant or his attorney must be given an opportunity to view the recording before it is offered into evidence and both the child and the person conducting the interview of the child in the recording must be present and available for testimony at the call of either party during the trial of the case. The appellant does not contend that the videotape statement of the victim, admitted in evidence against him, fails to meet any of these statutory tests or requirements. Appellant contends that it was error to admit the videotape into evidence because it denied him the right of confrontation. Consequently, we must determine the constitutionality of article 38.071 by measuring it against the requirements of the sixth amendment to the U.S. Constitution and article I, section 10 of the Texas Constitution.

The indictment of the appellant was filed on January 23, 1985 alleging that the offense occurred on November 7, 1984. Testimony in the trial of the appellant began on May 15, 1985. Helen Beavers with the Child Protective Services of the Department of Human Resources, testified that she videotaped her interview of the prosecutrix A___. The videotape interview of A___ consists of her response to questions directed to her by Helen Beavers. A___ gave her age as six, and said she was in kindergarten. A___'s response to Beavers' questions was often reluctantly given, hesitant and uncertain. The substance of the videotaped statements of A___ is fairly characterized in the State's brief as follows:

> [T]he victim related that one day when her mom was at work, the Appellant, her stepfather, had her get in his bed. She then said that he took off her panties and kissed her "right there". As she said "right there", she pointed to the vaginal area of an anatomically correct female doll provided to her by the caseworker. Later on in the videotape [A___] demonstrated how the male doll (Appellant), performed oral sex on the female doll [A___], by holding the male doll's face on the vaginal area of the female doll.

The videotape recording was admitted into evidence over appellant's objection. Neither appellant nor the State called A___ as a witness.

 The sixth amendment to the U.S. Constitution provides that in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. In *Long v. State*, 694 S.W.2d 185, 188 (Tex.App.—Dallas 1985, pet. granted), the Fifth Court of Appeals in a detailed discussion of the confrontation clause, noted that it was intended by its authors to serve four distinct functions: (1) to insure an opportunity for effective cross-examination; (2) to insure the witness will testify under oath; (3) to enable face-to-face confrontation; and (4) to enable the jury to evaluate the demeanor of the witness. The primary function or purpose of the protective right of confrontation is to insure that one accused of a crime will not be tried on evidence of ex parte statements. *California v. Green*, 399 U.S. 149, 156, 90 S.Ct. 1930, 1934, 26 L.Ed.2d 489 (1970); *Mattox v. United States*, 156 U.S. 237, 242, 15 S.Ct. 337, 339, 39 L.Ed. 409 (1895). The sixth amendment right of the accused to confront the witness against him is a fundamental right and it is made obligatory on the states by the fourteenth amendment. *Pointer v. State*, 380 U.S. 400, 403–04, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965). The Supreme Court has recognized that a rule of necessity is applicable to the sixth amendment right of confrontation and that competing interests of the State may warrant dispensing with confrontation at trial. *Ohio v. Roberts*, 448 U.S. 56, 64, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980); *Mattox*, 156 U.S. at 240–41, 15 S.Ct. at 338–39. If the prosecution wishes to introduce into evidence the statement of a declarant not present as a witness at the trial, it is ordinarily a requirement that the unavailability of the witness be shown and the statement be accompanied by indicia of reliability. *Ohio v. Roberts*, 448 U.S. at 65, 100 S.Ct. at 2538. Such indicia of reliability can be inferred from a firmly rooted hearsay exception or a showing of particularized guarantees of trustworthiness. *Id.* at 66, 100

S.Ct. at 2539. Typically, testimony at a prior hearing or trial is found to have the necessary indicia of reliability if the accused was present at the prior hearing or trial, was represented by counsel and had an opportunity to cross-examine the declarant. *California v. Green*, 399 U.S. at 158, 90 S.Ct. at 1935; *Mattox*, 156 U.S. at 243–44, 15 S.Ct. at 339–40.

The Texas constitutional right to be confronted by one's accusers tracks the language of the sixth amendment to the U.S. Constitution. TEX. CONST. art. I, sec. 10. The Court of Criminal Appeals has held that the State may introduce into evidence testimony from a prior hearing or a formal trial of a witness not present if that witness has died, resides out of the State, or has removed himself beyond the limits of the State, or cannot attend the trial by reason of age or bodily infirmity or is prevented from attending trial by the act or agency of the accused provided the former testimony was given under oath, the evidence was competent, the accused was present, and the accused was adequately afforded opportunity, through counsel, to cross-examine the witness upon the same charge. *Carver v. State*, 510 S.W.2d 349, 351 (Tex.Crim.App.—1974).

Appellant complains that the admission into evidence of the videotape interview of A___ effectively denied him his right of confrontation. The State, in response to appellant's complaint, argues that the State has a compelling interest in protecting child victims which overrides the appellant's right of confrontation and that the predicate for admissibility set out in article 38.-071 provides the necessary indicia of reliability. The State also contends that the appellant waived his right to cross-examine A___ in failing to call her to the witness stand.

There is disagreement among the Texas Courts of Appeals whether or not article 38.071 unconstitutionally violates an accused's right to confront and cross-examine the witnesses against him. *Compare Romines v. State*, 717 S.W.2d 745 (Tex.App.—

Fort Worth 1986); *Long*, 694 S.W.2d at 188 with *Newman v. State*, 700 S.W.2d 307, 312–13 (Tex.App.—Houston [1st Dist.] 1985, pet. pending); *Mallory v. State*, 699 S.W.2d 946, 949 (Tex.App.—Texarkana 1985, no pet.); *Tolbert v. State*, 697 S.W.2d 795, 798 (Tex.App.—Houston [1st Dist.] 1985, pet. pending); *Alexander v. State*, 692 S.W.2d 563, 566–67 (Tex.App.—Eastland 1985, pet. granted); *Jolly v. State*, 681 S.W.2d 689, 695 (Tex.App.—Houston [14th Dist.] 1984, pet. granted). For the reasons stated herein, we agree with the result in *Romines* and *Long* holding the statute to be unconstitutional.

We are not prepared to go as far as did the court in the *Long* decision when it refused to hold that the limitation on appellant's right of confrontation was essential to advance the State's compelling interest in protecting a minor child. *Long*, 694 S.W.2d at 191. We recognize that the rule of necessity applicable to the right of confrontation is broad enough to encompass situations other than the unavailability of a witness, *Mattox*, 156 U.S. at 243, 15 S.Ct. at 389, or a witness's testimony which is inconsistent with prior testimony, *California v. Green*, 399 U.S. at 161, 90 S.Ct. at 1936. Article 38.071 was enacted to meet the particular problem which arises when the State must call a young child to testify against an adult who is often a relative of the witness or who stands in an authoritarian role with the witness. Often, the only evidence of an accused's guilt of sexual abuse of a child is the direct testimony of the victim. We agree with the State that the particular circumstances attendant to the trial of this sort of offense may require that an accused's right of in-court confrontation with the prosecutrix must give way to the State's greater compelling interest; however, we are not required to address that issue because we hold article 38.071 to be unconstitutional on other grounds.

■ We hold article 38.071 to be an unconstitutional violation of the sixth amendment of the United States Constitution and article I, section 10 of the Texas Constitution, because the procedure outlined in the statute precludes the videotaped statement of the victim from possessing the necessary indicia of reliability. Article 38.071 provides that the questioning of the victim must be videotaped when no attorney for the accused is present thus denying the accused the opportunity to a meaningful cross-examination of the witness. We reject the State's argument that the statutory right of the appellant to call the child as a witness provided the appellant with an opportunity for effective cross-examination and that his failure to call the witness amounted to a waiver of his right of confrontation with the witness. The principal purpose of cross-examination is to challenge whether or not the declarant is sincerely telling what he believes is the truth, accurately perceives and remembers the matter he relates, and whether his intended meaning is adequately conveyed by the language he employs. *Ohio v. Roberts*, 448 U.S. at 71, 100 S.Ct. at 2541. The statement of A___ was videotaped in November, 1984, within days of the alleged offense. The indictment of the accused was filed on January 23, 1985 and the trial testimony did not begin until May 14, 1985. As this court noted in *Romines*, cross-examination of a young child months after the videotape was made cannot serve as a constitutionally adequate substitute for cross-examination contemporaneous with the videotaped statements presented for the jury's consideration. *See California v. Green*, 399 U.S. at 158, 90 S.Ct. at 1935.

■ We also concur with *Romines* and *Long* in holding that the statute denies appellant due process of law because it compels him to forego either his right of confrontation or his right to remain passive. *Long*, 694 S.W.2d at 192; *Romines v. State*, 717 S.W.2d 745 (Tex.App.—Fort Worth 1986). As we stated in *Romines*: in calling the compelling witness, a child of tender years, as his witness, the appellant encounters the risks and pitfalls of placing on the witness stand an uncooperative witness and one who likely will display the embarrassment and trauma expected of a youngster under the stress of public com-

ment about an embarrassing and unpleasant experience. The jury will likely sense the child's trauma and consciously or subconsciously have a feeling of ill-will, if not outright hatred, for the party inflicting this traumatic experience on the child by calling her to testify. It is not impossible to conceive that the jury's hostility toward the accused will be magnified and will adversely affect the accused either during the deliberations as to guilt or innocence or in determining the punishment that the accused shall receive.

We note that there is competent evidence to sustain the verdict; however, we must reverse the appellant's conviction because there is a reasonable possibility that the admission of the videotaped recording might have contributed to the conviction or affected the punishment assessed the appellant.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

FENDER, C.J., and JOE SPURLOCK II, HOPKINS and KELTNER, JJ., concur.

HILL, J., separately concurs.

BURDOCK, J., files a dissenting opinion.

BURDOCK, Justice, dissenting.

I respectfully dissent.

The majority has found the admission into evidence of a child victim's recorded testimony in accordance with TEX.CODE CRIM.PROC.ANN. art. 38.071 (Vernon Supp.1986) violates the right to confrontation granted appellant by the United States and Texas Constitutions.

The majority of our sister courts that have treated this issue have held the statute adequately protects a defendant's constitutional right to confrontation. However, some disagreement has arisen among them as to whether the sixth amendment requires that the statute provide a defendant the opportunity to cross-examine the complainant during the filming of the videotape statement. *Cf. Newman v. State,* 700 S.W.2d 307, 312–13 (Tex.App.—Houston [1st Dist.] 1985, pet. pending); *Tolbert v. State,* 697 S.W.2d 795, 798 (Tex.App.—Houston [1st Dist.] 1985, pet. pending); *Long v. State,* 694 S.W.2d 185, 192 (Tex.App.—Dallas 1985, pet. granted) (holding the statute unconstitutional on sixth amendment grounds); *Alexander v. State,* 692 S.W.2d 563, 566–67 (Tex.App.—Eastland 1985, pet. granted); *Jolly v. State,* 681 S.W.2d 689, 695 (Tex.App.—Houston [14th Dist.] 1984, pet. granted) (upholding the statute against a sixth amendment challenge).

The following provisions of the statute adequately protect the defendant's right to cross-examine his accuser. The videotape statement can be admitted only after a showing that it was accurately made and has not been altered. The defendant or his attorney may view the recording before its admission into evidence. Finally, either party may call the child to testify, subject to complete cross-examination by the opposing party.

In my view, the child is "called" to the stand when the jury watches the video. Viewing the tape affords the jury the chance to observe the child's demeanor, and judge his credibility. The defendant's opportunity to view the recording beforehand serves as a tool in preparing his defense. Even if the videotape is admitted into evidence, the child must still be available to testify as either party's witness. Furthermore, if the child does take the stand for the State, the defendant may thoroughly cross-examine the child regarding the taped statement presented to the jury.

I do not imply by my dissent that this statute would pass constitutional muster if applied to any class of witnesses other than child sexual assault victims. Given the youth and inexperience of these witnesses, however, the State has a compelling interest in protecting them from the trauma and emotional turmoil of testifying in open court.

For the reasons set forth above, I would join the majority of our sister courts that

have upheld the constitutionality of this statute and affirm this conviction.