TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00072-CR







William Rufus Barnes, Appellant



v.



The State of Texas, Appellee








FROM THE COUNTY COURT OF BURNET COUNTY


NO. M9086, HONORABLE MARTIN McLEAN, JUDGE PRESIDING








PER CURIAM


 Appellant pleaded no contest to an information accusing him of driving while
intoxicated. Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1996). The county court found
him guilty and, pursuant to a plea bargain agreement, assessed punishment at incarceration for
thirty days and a $750 fine, suspended imposition of sentence, and placed appellant on community
supervision.

 The State asserts that this Court is without jurisdiction because appellant's notice
of appeal does not conform to the requirements of the "but clause" of rule 40(b)(1). Tex. R. App.
P. 40(b)(1). This clause is not applicable to misdemeanors. Lemmons v. State, 818 S.W.2d 58,
63 (Tex. Crim. App. 1991). Our jurisdiction was properly invoked.

 In his only point of error, appellant contends his prosecution in this cause violated
the constitutional guarantee against double jeopardy. U.S. Const. amend. V. Appellant asserts
that before his trial in this cause, he was tried and convicted for public intoxication based on the
same conduct. Tex. Penal Code Ann. § 49.02 (West 1994). Appellant did not raise this
contention in the county court. In general, a defendant must raise a double jeopardy claim in the
trial court in order to preserve the issue for appellate review. Casey v. State, 828 S.W.2d 214,
215-18 (Tex. App.--Amarillo 1992, no pet.).

 Disregarding the preservation issue, the record before us does not support
appellant's double jeopardy claim. The only evidence that appellant was convicted of public
intoxication is a "magistrate's warning statement/court notification order" in the transcript
reflecting that appellant appeared before a magistrate in Burnet Municipal Court on June 18, 1995. 
While portions of the document reflect that appellant pleaded guilty or no contest to public
intoxication and was fined $135, they are marked through and initialed, apparently by the
magistrate. The document goes on to set bail and advise appellant that he is to appear in the
Burnet County Court on a specified date to answer to the charge of driving while intoxicated.

 We find this magistrate's warning form inadequate to support appellant's claim that
he was convicted of public intoxication. Further, there is no evidence that this alleged public
intoxication conviction was based on the same conduct for which appellant was convicted in the
instant cause. The magistrate's warning form notes the date of arrest as June 17, 1995. The
information in this cause alleged that the offense was committed on June 17, 1995. This identity
of dates does not prove that the conduct for which appellant was allegedly convicted of public
intoxication was the same conduct for which he was convicted of driving while intoxicated. Clark
v. State, 590 S.W.2d 512 (Tex. Crim. App. 1979). Absent proof that the same conduct underlies
both convictions, we do not reach the question whether the offenses proscribed by sections 49.02
and 49.04 are the same for double jeopardy purposes. See Blockburger v. United States, 284 U.S.
299, 304 (1932).

 The point of error is overruled and the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: July 3 1996

Do Not Publish



TER>




William Rufus Barnes, Appellant



v.



The State of Texas, Appellee








FROM THE COUNTY COURT OF BURNET COUNTY


NO. M9086, HONORABLE MARTIN McLEAN, JUDGE PRESIDING








PER CURIAM


 Appellant pleaded no contest to an information accusing him of driving while
intoxicated. Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1996). The county court found
him guilty and, pursuant to a plea bargain agreement, assessed punishment at incarceration for
thirty days and a $750 fine, suspended imposition of sentence, and placed appellant on community
supervision.

 The State asserts that this Court is without jurisdiction because appellant's notice
of appeal does not conform to the requirements of the "but clause" of rule 40(b)(1). Tex. R. App.
P. 40(b)(1). This clause is not applicable to misdemeanors. Lemmons v. State, 818 S.W.2d 58,
63 (Tex. Crim. App. 1991). Our jurisdiction was properly invoked.

 In his only point of error, appellant contends his prosecution in this cause violated
the constitutional guarantee against double jeopardy. U.S. Const. amend. V. Appellant asserts
that before his trial in this cause, he was tried and convicted for public intoxication based on the
same conduct. Tex. Penal Code Ann. § 49.02 (West 1994). Appellant did not raise this
contention in the county court. In general, a defendant must raise a double jeopardy claim in the
trial court in order to preserve the issue for appellate review. Casey v. State, 828 S.W.2d 214,
215-18 (Tex. App.--Amarillo 1992, no pet.).

 Disregarding the preservation issue, the record before us does not support
appellant's double jeopardy claim. The only evidence that appellant was convicted of public
intoxication is a "magistrate's warning statement/court notification order" in the transcript
reflecting that appellant appeared before a magistrate in Burnet Municipal Court on June 18, 1995. 
While portions of the document reflect that appellant pleaded guilty or no contest to public
intoxication and was fined $135, they are marked through and initialed, apparently by the
magistrate. The document goes on to set bail and advise appellant that he is to appear in the
Burnet County Court on a specified date to answer to the charge of driving while intoxicated.

 We find this magistrate's warning form inadequate to support appellant's claim that
he was convicted of public intoxication. Further, there is no evidence that this alleged public
intoxication conviction was based on the same conduct for which appellant was convicted in the
instant cause. The magistrate's warning form notes the date of arrest as June 17, 1995. The
information in this cause alleged that the offense was committed on June 17, 1995. This identity
of dates does not prove that the conduct for which appellant was allegedly convicted of public
intoxication was the same conduct for which he was convicted of driving while intoxicated. Clark
v. State, 590 S.W.2d 512 (Tex. Crim. App. 1979). Absent proof that the same conduct underlies
both convictions, we do not reach the question whether the offenses proscribed by sections 49.02
and 49.04 are the same for double jeopardy purposes. See Blockburger v. United States, 284 U.S.
299, 304 (1932).