No. 04-02-00019-CR



Sandra Luz BEARDEN,


Appellant



v.



The STATE of Texas,


Appellee



From the 49th Judicial District Court, Webb County, Texas


Trial Court No. 2001-CRP-000247-D1


Honorable Manuel R. Flores, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: January 31, 2003


AFFIRMED

 Sandra Luz Bearden was arrested for her mistreatment of a twelve-year-old girl, S.A.D., after
a neighbor discovered that Bearden was keeping the child bound with chains in her backyard. (1) A jury
found Bearden guilty of five counts of injury to a child, one count of abandoning a child, and one
count of aggravated kidnapping. For these crimes, Bearden was assessed three five-year prison
sentences, two sixty-year sentences, one twenty-year sentence, and one ninety-nine-year sentence.
Bearden challenges her convictions in seven issues, claiming: (1) she was denied effective assistance
of counsel; (2) the evidence is legally insufficient to support her convictions; (3) the trial court
erroneously admitted evidence of extraneous offenses; (4) the trial court erred by refusing to afford
her an ex parte hearing on her motion to appoint an expert; (5) the trial court erred by permitting the
State to conduct the trial in a manner which would cause the jury to render a verdict based on
sympathy rather than the evidence; (6) the trial court erred by admitting prejudicial photographs of
the victim; and (7) the trial court submitted an erroneous charge to the jury. We affirm.

Ineffective Assistance of Counsel

 In her first issue, Bearden alleges she was denied effective assistance of counsel because her
trial attorney failed to: (1) develop an insanity defense in a timely manner; (2) file a motion to transfer
venue; (3) file a pre-trial motion to suppress evidence; (4) conduct an adequate voir dire; (5) timely
file a motion for the appointment of an expert; (6) request a directed verdict; (7) object to the
overlapping nature of the indictment; and (8) object to the abstract definition of kidnapping included
in the jury charge. We disagree.

 The United States and Texas Constitutions guarantee the right to reasonably effective counsel.
U.S. Const. amend. VI; Tex. Const. art. I, § 10. To reverse a criminal defendant's conviction on
ineffective assistance of counsel grounds, the defendant must demonstrate by a preponderance of the
evidence that: (1) counsel's performance was so deficient as to fall below an objective standard of
reasonableness; and (2) there is a reasonable probability that but for counsel's unprofessional errors,
the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687
(1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 726
S.W.2d 53, 55 (Tex. Crim. App. 1986). A reasonable probability is a probability sufficient to
undermine confidence in the outcome of the proceeding. Thompson, 9 S.W.3d at 812. 

 On review, we give great deference to counsel's representation at trial. Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000). We look to the totality of the representation at trial, not
isolated acts or omissions of counsel in hindsight. Wilkerson v. State, 726 S.W.2d 542, 548 (Tex.
Crim. App. 1986). Any allegations of ineffectiveness must be firmly founded in the record, and the
defendant must overcome the strong presumption that counsel rendered adequate assistance and that
counsel's actions were the result of sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). In most cases, a silent record which provides no explanation for counsel's actions
will not overcome the strong presumption of reasonable assistance. Mallett v. State, 65 S.W.3d 59,
63 (Tex. Crim. App. 2001); Thompson, 9 S.W.3d at 813-14. 

 Although Bearden filed a motion for new trial on ineffective assistance of counsel grounds,
her trial counsel did not testify at the motion for new trial hearing; thus, the record provides no
explanation of the motivation behind counsel's trial decisions. Because the record is silent regarding
any explanation for counsel's actions, (2) we conclude Bearden has failed to overcome the strong
presumption of reasonable assistance. We overrule Bearden's first issue. 

Sufficiency of the Evidence

 In her second issue, Bearden complains that the evidence is legally insufficient to support the
jury's findings that: (1) she sprayed an unknown substance in S.A.D.'s face on three different days
in May of 2001; (2) she bound S.A.D. with chains on two different occasions; and (3) her backyard
is a place where S.A.D. was not likely to be found. We disagree.

 When reviewing challenges to the legal sufficiency of the evidence, we apply a well-established standard. We view the evidence in a light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Mason v. State, 905 S.W.2d 570,
574 (Tex. Crim. App. 1995). 


 Injury to a Child by Spraying with an Unknown Chemical



 Counts I, II, and III of the indictment all allege Bearden committed the offense of injury to
a child, a third degree felony, by spraying S.A.D. in the face with an unknown substance on or about
May 1, 2001. Bearden contends there is no evidence to support the jury's finding that she sprayed
S.A.D. with an unknown substance three separate times on the date alleged. We believe this
argument lacks merit. 

 The State was not bound by the date alleged in the indictment. The State was only required
to prove that Bearden sprayed S.A.D. on three different occasions before the presentment of the
indictment. See Clark v. State, 590 S.W.2d 512, 513 (Tex. Crim. App. 1979) (recognizing the State
is not bound by the date alleged in the indictment "so long as the date proved is anterior to the filing
of the State's pleadings and not so remote as to show that the offense is barred by the statute of
limitations"). Here, the indictment was returned on June 12, 2001. The State elicited testimony from
S.A.D. that Bearden sprayed her four times between the months of March and May 2001. Thus, the
record contains evidence that Bearden committed the alleged offenses and that she committed the
offenses before the presentment of the indictment and within the five-year statute of limitations for
injury to a child. See Tex. Code Crim. Proc. Ann. art. 12.01 (4)(D) (Vernon Supp. 2003)
(declaring the statute of limitations for injury to a child to be five years from the date of the
commission of the offense). We therefore hold that there is sufficient evidence to support the jury's
findings regarding Counts I, II, and III of the indictment.


 Injury to a Child by Binding Hands and Feet


 Counts IV and V of the indictment allege Bearden committed the offense of injury to a child
by binding S.A.D. with chains. Specifically, Count IV alleges Bearden committed the offense by
binding S.A.D.'s hands with chains on May 9, 2001, while Count V alleges Bearden committed the
offense by binding S.A.D.'s feet with chains on May 12, 2001. Bearden contends there is insufficient
evidence to support the jury's findings that she committed both offenses because there is no evidence
indicating she bound S.A.D. on two different dates. Bearden's argument, however, ignores S.A.D.'s
testimony that Bearden chained her hands and feet on two different days. We therefore hold that
there is sufficient evidence to support the jury's findings regarding Counts IV and V of the
indictment.


 Aggravated Kidnapping


 Count VIII of the indictment charged Bearden with aggravated kidnapping by keeping S.A.D.
"confin[ed] . . . with chains and in a place where she was not likely to be found, to-wit: in a backyard
with a fence all around." Bearden contends there is insufficient evidence to support the jury's finding
that she confined S.A.D. in a place where she was not likely to be found. This argument lacks merit
because it ignores evidence that: (1) Bearden's backyard was surrounded by a six and one-half foot
to seven foot tall fence; (2) S.A.D. had been living in Bearden's backyard for weeks without being
noticed by anyone, including Bearden's neighbors; and (3) a neighbor had to climb a ladder to
discover S.A.D. in Bearden's backyard. We therefore hold that there is sufficient evidence to support
the jury's findings regarding Count VIII of the indictment. 

 Because we believe the evidence is legally sufficient to support each of the aforementioned
offenses, Bearden's second issue is overruled. 

Extraneous Offenses

 In her third issue, Bearden contends the trial court erroneously admitted evidence of
extraneous offenses. Specifically, Bearden complains the trial court erred by admitting evidence
indicating that she: (1) helped bring S.A.D. to the United States illegally; (2) started to slap S.A.D.
in October of 2001; (3) started to hit S.A.D. with a belt, broom, and pot in March of 2001; (4) hit
S.A.D. and locked her in the laundry room during March of 2001; (5) made S.A.D. pile rocks to
deprive her of sleep; and (6) held a knife to S.A.D.'s throat. 

 At trial, Bearden failed to object when the State elicited testimony that she helped bring
S.A.D. to the United States illegally, started to slap S.A.D. in October of 2001, hit S.A.D. and locked
her in the laundry room during March of 2001, and made S.A.D. pile rocks to deprive her of sleep.
Therefore, Bearden failed to preserve error regarding these alleged extraneous offenses. Tex. R. App.
P. 33.1(a) (to properly preserve an issue for appellate review, the defendant must make a timely
objection stating the specific grounds for the ruling she desires the trial court to make). Although
Bearden objected when the State elicited testimony that she started to hit S.A.D. with a belt, broom,
and pot in March of 2001 and at one time held a knife to S.A.D.'s throat, Bearden's objections were
untimely. See King v. State, 953 S.W.2d 266, 268 (Tex. Crim. App. 1997) (a timely objection is one
that is made at the earliest possible opportunity). Bearden did not object to this evidence until after
the testifying witness had already answered another question posed by the State. Because Bearden
failed to make a timely objection, she failed to preserve error. See id.; Tex. R. App. P. 33.1(a). 

 Bearden also complains the trial court erred by admitting evidence indicating that she: (1) told
S.A.D. to eat dog feces; (2) tried to insert a tool into S.A.D.'s private areas; and (3) would step and
jump on S.A.D. On appeal, Bearden contends the trial court erred in admitting these acts because
their probative value was outweighed by their prejudicial effect. See Tex. R. Evid. 403. Bearden,
however, failed to object on this basis at trial. Bearden only objected on Rule 404(b) grounds. See
Tex. R. Evid. 404(b). Consequently, Bearden has failed to preserve these alleged errors for review.
Nelson v. State, 864 S.W.2d 496, 499 (Tex. Crim. App. 1993) (holding after a Rule 404(b) objection
is overruled, a defendant must further object under Rule 403 to preserve error). Bearden's third issue
is overruled.

Ex Parte Hearing

 In her fourth issue, Bearden complains about the trial court's refusal to proceed ex parte
concerning her request for the appointment of an expert. Bearden claims the trial court's refusal to
conduct an ex parte hearing violated the work product privilege and denied her due process because
the State was permitted to learn defensive theories during the hearing on her motion. Importantly,
Bearden made no request to proceed ex parte concerning her motion. Therefore, we hold Bearden
failed to preserve her right to complain of the court's decision not to proceed ex parte. Busby v.
State, 990 S.W.2d 263, 270 (Tex. Crim. App. 1999) (holding defendant waived his right to proceed
ex parte concerning his request for an expert when he made no request to proceed ex parte); Tex.
R. App. P. 33.1(a). Bearden's fourth issue is overruled.


Trial Based on Sympathy

 In her fifth issue, Bearden contends the trial court erred by permitting the State to conduct
the trial in a manner which would cause the jury to render a verdict based on sympathy rather than
the evidence. Specifically, Bearden complains that the trial court erroneously permitted: (1) the State
to refer to the victim as "Sad" instead of S.A.D.; (2) S.A.D. to testify that she "felt rescued" when
she was discovered by the police; and (3) S.A.D.'s court advocate to stand behind S.A.D. as S.A.D.
testified. The record, however, reveals that Bearden never voiced any objections to these matters
during trial. By not objecting at trial, Bearden waived her right to complain of these alleged errors
on appeal. Tex. R. App. P. 33.1(a). Bearden's fifth issue is overruled.

Admission of Photographs

 In her sixth issue, Bearden contends the trial court erred by admitting photographs numbered
State's Exhibits 9 through 13, 32 through 37, and 56 through 60.

 (3) Specifically, Bearden argues that
the trial court erred by admitting: (1) Exhibits 9 through 13 and 32 through 37 because they were
overly gruesome and prejudicial; and (2) Exhibits 56 through 60 because they were needlessly
cumulative. We disagree.


 Exhibit Nos. 9 through 13 & 32 through 37


 Bearden objected at trial that Exhibit Nos. 9 through 13 and 32 through 37 are overly
gruesome, making the photographs' prejudicial effect substantially outweigh their probative value.
See Tex. R. Evid. 403. The photographs marked as Exhibit Nos. 9 through 13 and 32 through 37
show: (Exhibit 9) a close up of S.A.D.'s face; (Exhibit 10) a right side view of S.A.D. chained to a
tire; (Exhibit 11) a left profile of S.A.D. standing in front of a concrete wall with her hands tied
behind her back; (Exhibit 12) S.A.D.'s feet bound to a tire; (Exhibit 13) an upper body shot of S.A.D.
standing in front of a concrete wall; (Exhibit 32) S.A.D.'s injuries to the underside of her left wrist
(taken at a hospital); (Exhibit 33) S.A.D.'s injuries to the top of her left wrist (taken at a hospital);
(Exhibit 34) a head-on view of S.A.D.'s injuries to her face (taken at a hospital); (Exhibit 35) a close
up of the injuries to the left side of S.A.D.'s face (taken at a hospital); (Exhibit 36) a left side view
of the injuries to S.A.D.'s face and chest (taken at a hospital); and (Exhibit 37) injuries to one of
S.A.D.'s wrists (taken at a hospital). The photographs are detailed color photos, ranging in size from
approximately four by six inches to eight by ten inches. The photographs were accompanied by the
testimony of Officer Jay Reese of the Laredo Police Department and Dr. Adolfo Aldape, a
pediatrician for the Laredo Medical Group. (4)

 The admissibility of photographs is within the sound discretion of the trial court and is
reviewed for an abuse of discretion. Wyatt v. State, 23 S.W.3d 18, 29 (Tex. Crim. App. 2000). We
will not disturb the trial court's ruling unless the ruling falls outside the zone of reasonable
disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). 

 Under Rule 403 of the Texas Rules of Evidence, all relevant evidence is admissible unless "its
probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues,
or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative
evidence." Tex. R. Evid. 403. Rule 403 carries with it the presumption that relevant evidence will
be more probative than prejudicial. Jones v. State, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996);
Legate v. State, 52 S.W.3d 797, 806 (Tex. App.--San Antonio 2001, pet. ref'd). Thus, there must
be a "clear disparity between the degree of prejudice of the offered evidence and its probative value"
before the Rule 403 balancing test requires exclusion. Mozon v. State, 991 S.W.2d 841, 847 (Tex.
Crim. App. 1999). Among the several factors considered in determining whether the probative value
of photographs is substantially outweighed by the danger of unfair prejudice are: (1) the number of
exhibits offered; (2) their gruesomeness, size, and detail; (3) whether they are in black and white or
color; (4) whether they are close-up; (5) whether the body is naked or clothed; and (6) the availability
of other means of proof and the circumstances unique to each case. Williams v. State, 958 S.W.2d
186, 196 (Tex. Crim. App. 1997).

 The photographs at issue were used to illustrate the nature of the wounds Bearden inflicted
upon S.A.D. Nothing was depicted in the photographs which was not also included in the testimony
of Officer Reese or Dr. Aldape. See Emery v. State, 881 S.W.2d 702, 710 (Tex. Crim. App. 1994)
(recognizing photographs are generally admissible where verbal testimony about the same matters
is admissible); Legate, 52 S.W.3d at 806-07 (same). Although the photographs are unpleasant, they
depict nothing more than the reality of the brutal crime committed. See Sonnier v. State, 913 S.W.2d
511, 519 (Tex. Crim. App. 1995) (holding the mere fact that a photograph is gruesome does not
render the photograph more prejudicial than probative). We therefore hold that the trial court did not
abuse its discretion by concluding the probative value of Exhibit Nos. 9 through 13 and 32 through
37 was not substantially outweighed by the danger of unfair prejudice.


 Exhibit Nos. 56 through 60


 Bearden objected at trial that Exhibit Nos. 56 through 60 were needlessly cumulative. Exhibit
Nos. 56 through 60 depict S.A.D.'s injuries to her legs and feet from different angles and distances.
All of the photos appear to have been taken at a hospital. Specifically, they show: (Exhibit 56) the
injuries to S.A.D.'s legs and feet taken from the head of a hospital bed; (Exhibit 57) a left side view
of S.A.D.'s injuries to her legs and feet; (Exhibit 58) S.A.D.'s injuries to her legs and feet taken from
the foot of a hospital bed; (Exhibit 59) a close up of S.A.D.'s legs and feet; and (Exhibit 60) a right
side view of S.A.D.'s injuries to her legs and feet. 

 Like Exhibit Nos. 9 through 13 and 32 through 37, Exhibit Nos. 56 through 60 were used to
help the jury understand the extent of S.A.D.'s injuries and are nothing more than a reflection of the
crime committed. These exhibits show different views of S.A.D.'s injuries and are not so similar to
one another as to make their admission an abuse of discretion. Bearden's sixth issue is therefore
overruled.

Charge Error

 In her seventh issue, Bearden complains of charge error. Specifically, Bearden claims she
suffered egregious harm because the trial court omitted from the application paragraph for Count I
of injury to a child the allegation that she committed the offense in "Webb County, Texas." 

 When a defendant complains of a charge error on appeal, we must first determine whether
there is any error in the jury charge. Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).
If we conclude there is error, we must determine if the error caused sufficient harm to warrant
reversal. Id. at 170-71. The extent of harm requiring reversal is controlled by whether the error was
properly preserved at trial. Id. at 171. Where the defendant failed to object to the error at trial, we
reverse only if the record shows that the error was so egregiously harmful that the defendant was
denied a fair and impartial trial. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).
Egregious harm includes errors: (1) affecting the case's foundation; (2) denying the defendant a
valuable right; (3) significantly affecting a defensive theory; or (4) making the case for guilt or
punishment clearly and substantially more compelling. Hutch, 922 S.W.2d at 171; Saunders v. State,
817 S.W.2d 688, 692 (Tex. Crim. App. 1991). In determining the degree of harm, we look to the
entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant
information from the entire record. Hutch, 922 S.W.2d at 171. Because Bearden did not object to
the court's charge at trial, she must demonstrate egregious harm to succeed with her complaint on
appeal. 

 In this case, the evidence adduced at trial established that Bearden caused her victim's injuries
at her home in Webb County, Texas. This fact was never disputed by Bearden. Moreover, the
omitted matter appeared elsewhere in the court's charge. The first paragraph of the charge stated:
"The defendant, Sandra Luz Bearden, stands charged by indictment in Counts I, II, III, IV, V, VI,
with the offense of Injury to a Child . . . Count VII of the indictment with the offense of Abandoning
a Child . . . and Count VIII of the indictment with the offense of Aggravated Kidnapping . . . in Webb
County, Texas." The county of the alleged offenses was also identified in all of the other application
paragraphs of the charge. Thus, even if we were to assume that the court's charge was erroneous,
we fail to see how Bearden suffered egregious harm as a result of the court's omission. See Moffett
v. State, 949 S.W.2d 778, 780 (Tex. App.--Beaumont 1997, pet. ref'd) (holding failure to include
date and county in the application paragraph did not constitute egregious error where omitted matters
appeared elsewhere in the charge and were proven at trial without contradiction). Bearden's seventh
issue is overruled. 

 Bearden also alleges charge error under issue one of her brief. Specifically, Bearden
complains of the following definition included in the court's charge:

 [a] person commits the offense of aggravated kidnapping if she intentionally or
knowingly abducts a person with the intent to: (1) hold her for ransom or reward; (2)
use her as a shield or hostage; (3) facilitate the commission of a felony or the flight
after the attempt or commission of a felony; (4) inflict bodily injury on her or violate
or abuse her sexually; (5) terrorize her or a third person; or (6) interfere with the
performance of any governmental or political function. 


According to Bearden, the charge should not have provided the jury with a definition that included
all six of the acts which constitute aggravated kidnapping because she was only charged with
abducting S.A.D. with the intent to inflict bodily injury and abducting S.A.D. with the intent to
terrorize. (5) Because Bearden did not object to the court's charge at trial, she must demonstrate she
suffered egregious harm as a result of this alleged error. 

 Even if we were to assume that the trial court erred by including the definition that it did, we
do not believe the error to be so egregious as to have denied Bearden a fair and impartial trial.
During the jury's deliberation process, the jury sent a communication to the trial court concerning the
charges' kidnapping definition. The trial court informed the jury that it should only consider sections
four and five of the kidnapping definition because "[t]he other sections of the law are not applicable
to Count VIII" in the case at bar. Because the trial court specifically directed the jury to consider
only whether Bearden abducted S.A.D. with either the intent to inflict bodily injury or the intent to
terrorize S.A.D., Bearden was not egregiously harmed under the circumstances. 

Conclusion

 Based on the foregoing, we affirm Bearden's convictions.


 Catherine Stone, Justice

Do Not Publish



1. S.A.D., an illegal alien from Mexico, was Bearden's housekeeper/nanny.
2. While we recognize that defense counsel made several statements during trial which suggest her failure to
develop an insanity defense was not trial strategy, we believe the record on appeal is nonetheless insufficient to permit
a fair resolution of whether counsel was deficient in this regard.
3. Bearden also contends the trial court erred by admitting State's Exhibit No. 1, 7, 38, and 55. However, by
not objecting to any of these exhibits at trial, Bearden waived any complaint concerning their admission into evidence.
Tex. R. App. P. 33.1(a).
4. Officer Reese was one of the first officers at the crime scene. He testified about S.A.D.'s condition upon
being discovered. Dr. Aldape was the physician who treated S.A.D. at the hospital. He testified about the nature and
extent of S.A.D.'s injuries.
5. The application paragraph of the charge relating to the aggravated kidnapping count specified that Bearden
had to have intentionally or knowingly abducted S.A.D. with the intent to inflict bodily injury on S.A.D. or the intent
to terrorize S.A.D. to find her guilty of aggravated kidnapping.