David Williams v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-239-CR

DAVID WILLIAMS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Upon his plea of not guilty, the trial judge convicted Appellant David Williams of burglary of a habitation and sentenced him to five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In his sole point, Appellant challenges the legal sufficiency of the evidence.  Because we hold that the evidence is legally sufficient to support the conviction, we affirm the trial court’s judgment.

Andres Nicholas testified that he left his apartment at 8:00 a.m. one morning in the summer of 2004 to go to work.  He said that he returned to his apartment around midday in response to a call from his brother, who had found the apartment door standing open.  Nicholas’s stereo and speakers, collectively described as a boom box, were missing, and a front window of his apartment had been opened.  He testified that he did not know Appellant and that he had not given anyone permission to take his stereo.

James Summergile, Nicholas’s neighbor, testified that he saw a black male coming out of Nicholas’s apartment on July 6, 2004, carrying a stereo system.  In court, he identified Appellant as the person whom he saw.

Belinda Chichester testified that she and Appellant lived in the same apartment complex as Nicholas in the summer of 2004, that she was with Appellant during the morning of the theft, and that Appellant did not leave their apartment.

Appellant argues that the evidence is legally insufficient because Nicholas did not testify to the exact date his stereo was stolen, no one could testify whether someone else was in Nicholas’s apartment at the time Summergile saw Appellant, there was no evidence of the brand of boom box that Summergile saw Appellant carrying, and the State did not produce a photograph of the boom box Nicholas owned to support Summergile’s testimony.

When proving the date of the offense, the State is not bound by the date alleged in the indictment so long as the date proved is before the date the State filed its pleadings and is not so remote as to show that the indictment is barred by the statute of limitations.
(footnote: 2)  The statute of limitations for burglary of a habitation is five years from the date of the commission of the offense.
(footnote: 3)  Nicholas recalled that the burglary occurred in the summer of 2004 and that his boom box was taken in the burglary.  Summergile testified that he saw Appellant leaving Nicholas’s apartment with a boom box specifically on July 6, 2004.  The indictment alleged that the burglary occurred on or about July 6, 2004.  The indictment was filed on September 28, 2004.  The trial began on June 9, 2005.

Applying the appropriate standard of review,
(footnote: 4) we therefore hold that the evidence is legally sufficient to support Appellant’s conviction.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 20, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
McManners v. State
, 592 S.W.2d 622, 623 (Tex. Crim. App. 1980).

3:
Tex. Code Crim. Proc. Ann.
 art. 12.01, § 4(a) (Vernon Supp. 2005).

4:
See Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).