COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-239-CR

 

 

DAVID WILLIAMS                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Upon his plea of not guilty, the trial judge
convicted Appellant David Williams of burglary of a habitation and sentenced
him to five years= confinement in the
Institutional Division of the Texas Department of Criminal Justice.  In his sole point, Appellant challenges the
legal sufficiency of the evidence. 
Because we hold that the evidence is legally sufficient to support the
conviction, we affirm the trial court=s
judgment.

Andres Nicholas testified that he left his
apartment at 8:00 a.m. one morning in the summer of 2004 to go to work.  He said that he returned to his apartment
around midday in response to a call from his brother, who had found the
apartment door standing open.  Nicholas=s stereo
and speakers, collectively described as a boom box, were missing, and a front
window of his apartment had been opened. 
He testified that he did not know Appellant and that he had not given
anyone permission to take his stereo.

James Summergile, Nicholas=s
neighbor, testified that he saw a black male coming out of Nicholas=s
apartment on July 6, 2004, carrying a stereo system.  In court, he identified Appellant as the
person whom he saw.

Belinda Chichester testified that she and
Appellant lived in the same apartment complex as Nicholas in the summer of
2004, that she was with Appellant during the morning of the theft, and that Appellant
did not leave their apartment.








Appellant argues that the evidence is legally
insufficient because Nicholas did not testify to the exact date his stereo was
stolen, no one could testify whether someone else was in Nicholas=s
apartment at the time Summergile saw Appellant, there was no evidence of the
brand of boom box that Summergile saw Appellant carrying, and the State did not
produce a photograph of the boom box Nicholas owned to support Summergile=s
testimony.

When proving the date of the offense, the State
is not bound by the date alleged in the indictment so long as the date proved
is before the date the State filed its pleadings and is not so remote as to
show that the indictment is barred by the statute of limitations.[2]  The statute of limitations for burglary of a
habitation is five years from the date of the commission of the offense.[3]  Nicholas recalled that the burglary occurred
in the summer of 2004 and that his boom box was taken in the burglary.  Summergile testified that he saw Appellant
leaving Nicholas=s apartment with a boom box
specifically on July 6, 2004.  The
indictment alleged that the burglary occurred on or about July 6, 2004.  The indictment was filed on September 28, 2004.  The trial began on June 9, 2005.








Applying the appropriate standard of review,[4]
we therefore hold that the evidence is legally sufficient to support Appellant=s
conviction.  We overrule Appellant=s sole
point and affirm the trial court=s
judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  April 20, 2006











[1]See Tex. R. App. P. 47.4.





[2]McManners v. State, 592 S.W.2d 622, 623 (Tex. Crim. App. 1980).





[3]Tex. Code Crim. Proc. Ann. art. 12.01, ' 4(a) (Vernon Supp. 2005).





[4]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.
Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim.
App. 2001); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999),
cert. denied, 529 U.S. 1131 (2000).